NOEL M. COOK (SBN 122777)
LINDA JOY KATTWINKEL (SBN 164283)
**OWEN, WICKERSHAM & ERICKSON, P.C.**
455 Market Street, Suite 1910
San Francisco, CA 94105
Tel: (415) 882-3200
Fax: (415) 882 -3232
Email:  ncook@owe.com
Email:  ljk@owe.com

DAVID DONAHUE (*pro hac vice* application forthcoming)
MELISSA GOLDSTEIN (*pro hac vice* application forthcoming)
JESSICA VOSGERCHIAN (*pro hac vice* application forthcoming)
**FROSS ZELNICK LEHRMAN & ZISSU, P.C.**
4 Times Square, 17th Floor
New York, New York 10036
Tel: (212) 813-5900
Fax: (212) 813-5901
Email:  ddonahue@fzlz.com
Email:  mgoldstein@fzlz.com
Email: jvosgerchian@fzlz.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUNDACIÓ GALA-SALVADOR DALÍ<br><br>Plaintiff,<br><br>v.<br><br>DALI AT 17 MILE DRIVE, LLC and DMITRY PITERMAN,<br><br>Defendants. | **COMPLAINT FOR:**<br><br>(1) Violation of California Civil Code § 3344.1<br><br>(2) Federal Trademark Infringement, 15 U.S.C. § 1114(1);<br><br>(3) Federal Unfair Competition, 15 U.S.C. § 1125(a)(1)(a);<br><br>(4) Copyright Infringement, 17 U.S.C. § 501;<br><br>(5) California Unfair Competition, Cal. Bus. & Prof. Code § 17200. |

Plaintiff Fundació Gala-Salvador Dalí (the "Foundation"), by its undersigned attorneys, for its complaint against Defendants Dali at 17 Mile Drive, LLC and Dmitry Piterman ("Defendants"), alleges as follows:

## Nature of the Action

1. This case arises out of Defendants' willful infringement of Salvador Dalí's name, image, and associated intellectual property rights controlled by Plaintiff.

2. For decades, the Foundation has promoted and protected the art of world-renowned artist Salvador Dalí. By order of the Kingdom of Spain, the Foundation has been designated to exclusively manage and enforce the intellectual property rights arising from the works and person of the world-famous artist Salvador Dalí. The Foundation has registered a claim with California's Secretary of State under California Civil Code Section 3344.1 as successor-in-interest to Mr. Dalí's post mortem right of publicity and owns several federal trademark registrations for marks that consist of or include the word DALÍ.

3. Without authorization from the Foundation, Defendants have opened a museum under the name and mark DALÍ17, have misappropriated Salvador Dalí's name and likeness to advertise and promote their museum, and have reproduced and displayed copyrighted artworks. Defendants have been informed that their conduct is unlawful, but remain undeterred and continue to advertise and provide goods and services infringing on the Foundation's intellectual property and publicity rights.

4. Accordingly, the Foundation now brings claims against Defendants for violation of Salvador Dalí's right of publicity under Cal. Civ. Code § 3344.1; trademark infringement in violation of Section 32(1) of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114(1); false designation of origin and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); copyright infringement in violation of 17 U.S.C. § 501; and unfair competition in violation of California State Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. In connection with these claims, the Foundation seeks both injunctive and monetary relief.

**Jurisdiction and Venue**

5. The Court has jurisdiction over the subject matter of this action under Section 39(a) of the Lanham Act, 15 U.S.C. § 1121(a), Section 501 of the Copyright Act, 17 U.S.C. § 501, and Sections 1331 and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338 (a) & (b).  This Court has supplemental jurisdiction over the state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

6. The Court has personal jurisdiction over Dali at 17 Mile Drive, LLC because Dali at 17 Mile Drive, LLC maintains a place of business in California and regularly conducts its business and offers its services in California.

7. The Court has personal jurisdiction over Dmitry Piterman because Piterman is a resident of California.

8. Venue is proper under Section 1391(b) and (c) of the Judicial Code, 28 U.S.C. § 1391(b) and (c), in that Dali at 17 Mile Drive, LLC resides in this District and a substantial part of the events giving rise to the claims occurred in and are directed from this District.

9. Venue is proper under Section 1391(b) and (c) of the Judicial Code, 28 U.S.C. § 1391(b) and (c), in that Dmitry Piterman resides in this District and a substantial part of the events giving rise to the claims occurred in and are directed from this District.

**Intradistrict Assignment**

10. Intradistrict assignment is appropriate under Civil Local Rule 3-2(c) because this is an Intellectual Property Action.

**The Parties**

11. Plaintiff Fundació Gala-Salvador Dalí is a private foundation existing under the laws of Spain, with a place of business at Pujada del Castell 28, 17600 Figueres, Spain.

12. Upon information and belief, Defendant Dali at 17 Mile Drive, LLC is a limited liability company existing under the laws of Nevada, with a place of business at 5 Custom House Plaza, Monterey, CA 93940.

13. Upon information and belief, Defendant Dmitry Piterman is a resident of California with an address in Pebble Beach, California.

14. Upon information and belief, Defendant Piterman materially contributes to, controls, and profits from the activities of Defendant Dali at 17 Mile Drive, LLC, including the infringing and violative conduct described herein.

### Facts Common to All Claims

**A.     Dalí Intellectual Property Rights**

15. The Foundation was founded in 1983 at the express wish of Salvador Dalí to promote, enhance, disseminate and protect the artist's artistic, cultural and intellectual works and to preserve and protect the integrity of his life, name and image.

16. Salvador Dalí died on January 23, 1989.

17. Through a series of ministerial orders and agreements, including most recently on October 10, 2011, the Kingdom of Spain – the sole heir of Salvador Dalí – has granted the Foundation the exclusive authority to manage and enforce the intellectual property rights arising from the works and person of Dalí, including, without limitation, copyrights, trademarks, personality rights, and any other intangible rights.

18. In addition, for decades the Foundation has used marks that consist of or include the word DALÍ (the "DALÍ marks") in the United States in connection with museums, retail gift shops, and various other goods and services.

19. The Foundation has invested a significant amount of time, effort and money in developing and promoting its products and services offered under the DALÍ marks. As a result of these efforts and the marketplace success of the products and services offered under the DALÍ marks over the last decade, the DALÍ marks have come to identify the Foundation exclusively and uniquely, and represents enormous goodwill.

20. In addition to the Foundation's extensive common law rights in the DALÍ marks, the Foundation owns, among others, U.S. Trademark Registration No. 3,195,658 for the mark DALÍ MUSEUM for use in connection with "museums; educational services, namely, classes in

1  fine art" in International Class 41 and in connection with "retail gift shops" in International Class
2  35 (the "Registered DALÍ Mark").

3  21. The above registration is valid, subsisting and in full effect. Moreover, the above-
4  referenced registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C.
5  § 1065, and therefore serves as conclusive proof of the Foundation's exclusive right to use the
6  Registered DALÍ Mark in connection with the goods and services identified therein, as provided
7  by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

8  22. The Foundation is the owner of exclusive rights under U.S. Copyright law in,
9  among others, the following works of art: (i) "The Persistence of Memory" and (ii) "The Rose /
10 Meditative Rose" (collectively, the "Dalí Works").

11 23. The Foundation also registered in California as successor-in-interest to Salvador
12 Dalí's post mortem right of publicity, pursuant to California Civil Code § 3344.1.

**B.   Defendants' Wrongful Conduct**

24. On July 7, 2016 Defendants opened a museum under the name DALÍ17, along with a logo that uses the name Dalí and an image of Salvador Dalí's face, as shown below (the "DALÍ17 mark"):



25. Defendants use the DALÍ17 mark and many images of Salvador Dalí and of his artworks, as well as his name, to advertise and promote their museum on their website and social media accounts.

26. In particular, Defendants have reproduced and are displaying the Dalí Works to promote their museum on their website and social media accounts.

27. On information and belief, Defendants have reproduced the DALÍ17 mark on merchandise which they are selling through their museum gift shop.

28. Defendants are using a name and mark that includes "DALÍ" for services identical to and/or related to the services provided by the Foundation under its DALÍ marks.

29. Defendants' DALÍ17 mark is confusingly similar to the Foundation's DALÍ marks in sight, sound and commercial meaning.

30. Upon information and belief, Defendants' advertisement, promotion and offering of its services and merchandise under its DALÍ17 mark are directed to the same consumers as the goods and services offered by the Foundation under the DALÍ marks.

31. Defendants are not associated or affiliated with the Foundation and have never been authorized or otherwise licensed by the Foundation to use the name or likeness of Salvador Dalí, the DALÍ marks, or any trade names or trademarks confusingly similar thereto, in connection with any goods or services.

32. Upon information and belief, Defendants selected and have used the DALÍ17 mark with actual and constructive knowledge of the Foundation's ownership of and exclusive rights to use the name or likeness of Salvador Dalí and the DALÍ marks and with the intent to trade off of the significant reputation of Salvador Dalí and of the goodwill symbolized by and the strong industry recognition of the DALÍ marks.

33. Defendants commenced use of the DALÍ17 mark long after the Foundation commenced use of the DALÍ marks, and long after the Foundation developed substantial goodwill in the DALÍ marks. As such, the Foundation has priority.

34. Upon information and belief, Defendants' conduct is intentional, willful and wanton.

## C. Effect of Defendants' Conduct

35. Defendants' unauthorized use of the DALÍ17 mark, Salvador Dalí's name and likeness, and the Dalí Works for commercial purposes is damaging the Foundation.

36. As a result of Defendants' use of the DALÍ17 mark in connection with its museum services and merchandise, the consuming public is likely to be confused, deceived and misled into believing that services and merchandise offered under the DALÍ17 mark are offered, licensed, authorized, endorsed or sponsored by the Foundation.

37. Further, the goodwill that the Foundation has built up in the DALÍ marks is put at risk by Defendants' appropriation and use of the confusingly similar DALÍ17 mark. Defendants' unauthorized acts unfairly and unlawfully wrest from the Foundation control over its DALÍ marks and its reputation, particularly as the Foundation has no control over the quality of Defendants' goods or services offered under the DALÍ17 mark. As a result, the Foundation's extremely valuable reputation is being irreparably damaged. If Defendants' conduct is not enjoined, it will continue to injure the value of the DALÍ marks and the ability of those marks to indicate goods and services emanating from a single source, namely, the Foundation.

38. Defendants' infringing activities have caused and will continue to cause irreparable damage to the business and goodwill of the Foundation unless permanently restrained by this Court.

39. Defendants have actual knowledge that their conduct is unlawful. The Foundation wrote to Defendant Piterman setting forth its well-established rights in the DALÍ marks, copyrights in the Dalí Works, and rights of publicity in Salvador Dalí's name and likeness and demanding that Mr. Piterman: (i) change the name of the DALÍ17 Museum to eliminate DALÍ from it; (ii) permanently cease use of any name or mark that includes within it the word DALÍ; (iii) agree never to register any DALÍ-inclusive marks for museum- or art- related goods or services; (iv) cancel its registration for the dali17.com domain name; and (v) cease use of the Dalí Works in the advertising and promotion of his museum. Defendant Piterman, however, refused to comply.

40. The Foundation has no adequate remedy at law.

**Count I: Violation of California Right of Publicity**

**Cal. Civ. Code § 3344.1**

41. The Foundation repeats and realleges the allegations set forth in paragraphs 1 through 40 as if fully set forth herein.

42. Defendants have knowingly and intentionally misappropriated the name and likeness of Salvador Dalí for the purpose of advertising and promoting their museum, and to sell merchandise.

43. Salvador Dalí died on January 23, 1989.

44. Salvador Dalí's name and likeness had commercial value at the time of his death.

45. The Foundation is the successor-in-interest to Salvador Dalí's right of publicity under California Civil Code Section 3344.1.

46. Defendants' misappropriation of Salvador Dalí's name and likeness for their own commercial purposes is a violation of the Foundation's rights under California Civil Code Section 3344.1.

47. As a result of Defendants' actions, Plaintiff has suffered, and will continue to suffer, damages in an amount to be proven at trial.

**Count II: Federal Trademark Infringement**

**15 U.S.C. § 1114(1)**

48. The Foundation repeats and realleges each and every allegation contained in paragraphs 1 through 47 above as if fully set forth herein.

49. The Foundation's rights in the Registered DALÍ Mark developed long prior to any use of the DALÍ17 mark by Defendants.

50. Defendants' DALÍ17 mark is confusingly similar to the Foundation's Registered DALÍ Mark.

51. The Foundation's services offered under the DALÍ17 mark are identical or closely related to the goods and services offered by the Foundation under the Registered DALÍ Mark.

52. Defendants' actions described above are likely to cause confusion and mistake and to deceive potential customers and the general public as to the source, origin, endorsement and/or sponsorship of Defendants' services offered under the DALÍ17 mark, and are likely to deceive the public into believing that such services are provided, authorized, endorsed or sponsored by the Foundation, thereby damaging the Foundation's reputation, goodwill and sales.

53. Upon information and belief, Defendants' conduct is willful, deliberate and in bad faith, and undertaken with full knowledge that Defendants have no right, license or authority to use the Foundation's Registered DALÍ Mark or any trade name or mark confusingly similar thereto.

54. Defendants' unauthorized use of the DALÍ17 mark is intended to reap the benefit of the goodwill that the Foundation has developed in the Foundation's Registered DALÍ Mark and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

55. Defendants' aforesaid conduct has caused and is causing irreparable injury to the Foundation, and, unless enjoined by this Court, will continue both to damage the Foundation and to deceive the public. The Foundation has no adequate remedy at law.

### Count III: Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a)(1)(A)

56. The Foundation repeats and realleges each and every allegation contained in paragraphs 1 through 55 above as if fully set forth herein.

57. The Foundation's rights in the DALÍ marks developed long prior to any use of the DALÍ17 mark by Defendants.

58. Defendants' DALÍ17 mark is confusingly similar to the Foundation's DALÍ marks.

59. The Foundation's services offered under the DALÍ17 mark are identical or closely related to the goods and services offered by the Foundation under the DALÍ marks.

60. Defendants' conduct is likely to cause confusion or to cause mistake or to deceive consumers, users and the public as to the affiliation, connection or association between Defendants

and the Foundation, and/or as to the origin, sponsorship, endorsement, or approval of Defendants' services.

61. Defendants' unauthorized use of the DALÍ17 mark falsely and misleadingly represents Defendants as being legitimately connected with and/or authorized by the Foundation, and places beyond the Foundation's control its own reputation and goodwill.

62. Upon information and belief, Defendants' conduct is willful, deliberate and in bad faith, and undertaken with full knowledge that Defendants have no right, license or authority to use any mark confusingly similar to the Foundation's DALÍ marks.

63. As a result of the foregoing, Defendants have falsely designated the origin of its services offered under its DALÍ17 mark and have engaged in unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

64. Defendants' aforesaid conduct has caused and is causing irreparable injury to the Foundation, and, unless enjoined by this Court, will continue both to damage the Foundation and to deceive the public.  The Foundation has no adequate remedy at law.

**Count IV: Copyright Infringement**

**Under 17 U.S.C. § 501**

65. The Foundation repeats and realleges each and every allegation contained in paragraphs 1 through 64 as if fully set forth herein.

66. The Dalí Works were first created outside the United States, and do not qualify as a "United States work" for purposes of Section 411 of the Copyright Act.

67. The Dalí Works are original and creative works protected under U.S. Copyright Law.

68. Defendants, without the Foundation's authorization or consent, have reproduced and displayed the Dalí Works on its website and social media pages to promote their museum.

69. Defendants had access to the Dalí Works.

{F2669436.5 }                                    -10-
COMPLAINT

70. Defendants have violated and, upon information and belief, continue to violate, the Foundation's exclusive rights in the Dalí Works under Section 106 of the Copyright Act, 17 U.S.C. § 106, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501,

71. Defendants' aforesaid conduct has been undertaken knowingly, willfully and in bad faith.

72. Defendants' infringement of the Foundation's exclusive rights in the Dalí Works has caused the Foundation damage, and has enabled Defendants to profit illegally therefrom.

## Count V: California Unfair Competition
## Under Cal. Bus. & Prof. Code §§ 17200 *et seq.*

73. The Foundation repeats and realleges each and every allegation contained in paragraphs 1 through 72 above as if fully set forth herein.

74. The aforesaid conduct of Defendants – trademark infringement and false designation of origin – constitutes unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq*.

75. Defendants' conduct is causing immediate and irreparable injury to the Foundation and will continue both to damage the Foundation and deceive the public unless enjoined by this Court. The Foundation has no adequate remedy at law.

**WHEREFORE**, the Foundation demands judgment as follows:

1. Entering judgment for the Foundation on each of its claims.

2. Directing that Defendants, its officers, directors, agents, representatives, successors or assigns, and all persons acting in concert or in participation with it, be immediately and permanently enjoined from:

   (a) using the Dalí name and Dalí's image in connection with the name of the museum and in advertising and promotions for the museum, on merchandise, or in connection with the promotion, marketing, and offering of any goods or services;

   (b) infringing the DALÍ marks;

   (c) falsely designating the origin, sponsorship, or affiliation of its business or services;

   (d) using the DALÍ marks or any derivation or colorable imitation thereof, or any name or mark that is confusingly similar thereto, including the DALÍ17 mark (collectively, "Prohibited Marks"), in connection with the promotion, marketing, and offering of any goods or services;

   (e) seeking to register any of the Prohibited Marks or any derivation or colorable imitation thereof, or any name or mark that is confusingly similar thereto;

   (f) making or employing any other commercial use of any of the Prohibited Marks;

   (g) making or displaying any statement or representation that is likely to lead the public or the trade to believe that Defendants' services are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, or authorized by or otherwise connected with the Foundation;

   (h) using any other false designation of origin or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that Defendants' activities are in any way sponsored, licensed, endorsed or authorized by, or affiliated or connected with the Foundation;

   (i) doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers, consumers, investors or museum-goers into the belief that the services promoted or offered by Defendants emanate from or originate with the Foundation, or are somehow sponsored, licensed, endorsed or authorized by or affiliated or connected with the Foundation; and

   (j) engaging in any other activity constituting unfair competition with the Foundation;

    (k) infringing the Dalí Works, including, without limitation, by reproducing, distributing, displaying, advertising, promoting, offering for sale, selling, importing or exporting any works copied or derived from the Dalí Works; and

    (l) aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (l) above.

  3. Directing that Defendants deliver up to the Foundation's attorneys for destruction all products, merchandise, labels, signs, stationery, prints, packages, promotional and marketing materials, advertisements, and other materials currently in its possession or under its control incorporating, featuring or bearing the Dalí name or image or the Prohibited Marks or any other simulation, reproduction, copy, or colorable imitation thereof.

  4. Directing that Defendants transfer or cause to be transferred to the Foundation domain names owned by Defendants that incorporate the Dalí name or any of the Prohibited Marks, including *www.dali17.com*, and execute all necessary documents to effectuate such transfer(s).

  5. Directing that Defendants file with the Court and serve upon the Foundation's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which it has complied with the above.

  6. Awarding the Foundation the greater of seven hundred fifty dollars ($750) or the actual damages suffered by the Foundation, as a result of Defendants' unauthorized use of Salvador Dalí's name and likeness, and any of Defendants' profits from the unauthorized use.

  7. Awarding the Foundation such damages it has sustained or will sustain by reason of Defendants' acts of trademark infringement and unfair competition pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 504.

  8. Awarding the Foundation all damages, including Defendants' profits, that are recoverable under Cal. Bus. & Prof. Code § 17200 *et seq*.

  9. Awarding the Foundation all other recoverable gains, profits, property, and advantages derived by Defendants from its unlawful conduct.

10. Awarding to the Foundation exemplary and punitive damages to deter any further willful infringement as the Court finds appropriate.

11. Awarding to the Foundation its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and Cal. Civ. Code § 3344.1.

12. Awarding the Foundation interest, including pre-judgment interest on the foregoing sums.

13. Awarding to the Foundation such other and further relief as the Court may deem just and proper.

DATED: July 6, 2018                      Respectfully submitted,

_____
NOEL M. COOK
LINDA JOY KATTWINKEL
OWEN, WICKERSHAM & ERICKSON, P.C.

FROSS ZELNICK LEHRMAN & ZISSU, P.C.
DAVID DONAHUE (*pro hac vice* application forthcoming)
MELISSA GOLDSTEIN (*pro hac vice* application forthcoming)
JESSICA VOSGERCHIAN (*pro hac vice* application forthcoming)

*Attorneys for Plaintiff*